IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| SAMUEL LEE, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 7:16-cv-00121 |
| CHEMOIL ENERGY, INC., | § § | COLLECTIVE ACTION |
| Defendant. | § § | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff, SAMUEL LEE ("Plaintiff" or "Lee"), on behalf of himself and all others similarly situated, files this Complaint against CHEMOIL ENERGY, INC. ("Chemoil" or "Defendant"), showing in support as follows:

### I.  SUMMARY

1. This is a civil action brought by Plaintiff pursuant to the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven day workweek.

2. Plaintiff was employed by Defendant has an hourly paid fueling operations employee. Although Plaintiff regularly worked in excess of 40 hours per seven day workweek, Defendant paid him only his straight time hourly pay, with no corresponding overtime premium, for all hours worked in each such workweek. As such, Defendant failed to pay Plaintiff all FLSA mandated overtime wages.

3. Plaintiff files this FLSA cause of action individually and as a FLSA collective action pursuant to 29 U.S.C. § 216(b). Accordingly, Plaintiff files this lawsuit on behalf of all similarly situated hourly paid, fueling operations employees (the "collective action members/putative collective action members") who, like Plaintiff, were not paid time and one half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward.

4. Plaintiff and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs and post-judgment interest.

## II.   THE PARTIES, JURISDICTION AND VENUE

### A.   Plaintiff Samuel Lee

5. Lee is a natural person who resides in Bexar County, Texas. He has standing to file this lawsuit.

6. Lee was employed by Defendant as a fueling operations employee from approximately November 17, 2014 to May 12, 2015.

7. Attached to this Complaint as **Exhibit A** is a true and correct copy of Plaintiff's Consent to Become Party Plaintiff in this lawsuit pursuant to 29 U.S.C. § 216(b).

### B.   Collective Action Members

8. The collective action/putative collective action members are all current and/or former hourly paid employees of Defendant who worked as fueling operations employees relative to wellsite operations for customers of Defendant who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek.

9. Because Defendant did not pay all overtime premium compensation to its hourly paid fueling operations employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the collective action/putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

10. The relevant time period for the claims of the collective action/putative collective action members is the three years preceding the date this lawsuit is filed and forward.

### C. Defendant Chemoil Energy, Inc.

11. Chemoil is a corporation organized under the laws of the State of Delaware.

12. During all times relevant to this lawsuit, Chemoil has done business in the State of Texas.

13. Chemoil's principal place of business is 825 N. Broadway, Suite 420, Oklahoma City, Oklahoma 73102.

14. At all times relevant to this lawsuit, Chemoil is and has been an "enterprise engaged in commerce" as defined by the FLSA.

15. At all times relevant to this lawsuit, Chemoil employed, and continues to employ, two or more employees.

16. Chemoil is/was an employer of Plaintiff and the collective action/putative collective action members.

17. At all times relevant to this lawsuit, Chemoil employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person. Examples of such goods and/or materials include vehicles, fuel, communications devices, and supplies/materials used in connection with Defendant's oilfield fueling operations.

18. On information and belief, at all times relevant to this lawsuit, Chemoil has had annual gross sales or business volume in excess of $500,000.

19. Chemoil may be served with summons through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

**D.  Jurisdiction and Venue**

20. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

21. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

22. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claim on federal law, namely the FLSA.

23. Venue is proper in the United States District Court for the Western District of Texas because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district. As previously identified, Defendant conducted substantial business operations in this District that involved Plaintiff and many of the putative class members. Plaintiff worked for Defendant in this District, including significant work performed during workweeks which form the basis of his FLSA claims, in and around counties located within this District, including Midland County, Texas.

24. Venue is proper in the Midland-Odessa Division of the United States District Court for the Western District of Texas because, as previously identified, a substantial part of the events giving rise to the claims in this lawsuit occurred in the Midland-Odessa Division.

### III.     FACTUAL BACKGROUND

25.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

26.     Defendant's services include the procurement of fuels and lubricants with a focus on operationally-intensive customer environments, such as oilfield services and other heavy commercial and industrial markets. Plaintiff and the putative class members were employed as fueling operations employees in connection with Defendant's oilfield fueling operations. During times relevant, Defendant employed numerous fueling operations employees in connection with its oilfield fueling operations.

27.     Plaintiff's primary job duties involved fueling operations for customers of Defendant in and around the Midland-Odessa/Permian Basin region. Generally, Defendant's customers were companies involved with oil and/or natural gas drilling and/or completion operations ("wellsite operations") that required stand-by sources of fuel for their motorized equipment at wellsite locations, which included generators, motors, engines, and other motorized equipment.

28.     During a typical wellsite operation, Plaintiff drove and parked a fueling truck of Defendant's at a given location relative to wellsite operations, which were generally 24 hour per day and lasted in excess of one week. Defendant's fueling truck remained at the given location until wellsite operations there were complete. After parking the fueling truck at the wellsite operations location, Plaintiff was joined by other fueling operations employees of Defendant who arrived in a van of Defendant's which weighed less than 10,000 pounds.

29.     During the wellsite operations work, Plaintiff and the other fueling operations employees fueled the equipment of Defendant's customers by working various assigned shifts.

Plaintiff and the other fueling operations employees travelled to and from the oilfield operations location in the smaller crew van on a daily basis after the fueling truck was parked at a given location until wellsite operations there were complete. Once completed, the fueling truck was moved to the next oilfield operations location where the aforementioned oilfield operations fueling work began anew.

30. As an employee of Defendant, Plaintiff was paid an hourly rate of pay, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half his regular rate of pay for any and all hours worked over for in each such workweek. Instead, Plaintiff was paid only his base hourly rate for all hours worked in a workweek.

31. That same practice and/or policy regarding the non-payment of overtime wages was applied on a company-wide basis for other fueling operations employees of Defendant. Like Plaintiff, those other fueling operations employees were paid an hourly rate of pay, regularly worked in excess of 40 hours per workweek, were paid straight time for all hours worked, and were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each such workweek.

## IV.    CONTROLLING LEGAL RULES

32. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

33. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

34. [I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not

enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

35. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

36. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

37. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

### V.     FLSA CLAIMS

38. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

39. All conditions precedent to this suit, if any, have been fulfilled.

40. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

41. At all relevant times, Defendant is/was an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

42. Plaintiff and collective action/putative collective action members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

43. Plaintiff and the collective action/putative collective action members are/were paid an hourly rate of pay by Defendant.

44. At material times, Plaintiff and the collective action/putative collective action members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

45. Defendant is/was required to pay Plaintiff and the collective action/putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

46. Defendant failed to pay Plaintiff and the collective action/putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

47. The collective action/putative collective action members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 203(e).

48. Defendant's violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). For example, at all material times, Defendant was aware that Plaintiff and the collective action/putative collective action members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. Plaintiff

and the collective action/putative collective action members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

49.     Plaintiff and the collective action/putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI.     FLSA COLLECTIVE ACTION

50.     Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Dyson v. Stuart Petrol. Testers, Inc.*, 308 F.R.D. 510, 518 (W.D. Tex. 2015) (Pitman, J.) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

51.     Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and former employees of Defendant who are/were hourly paid fueling operations employees in connection with Defendant's wellsite operations business who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

52.     Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

53.     Plaintiff further reserves the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.    JURY DEMAND

54.    Plaintiff demands a jury trial.

55.    Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the collective action members be awarded a judgment against Defendant or order(s) from the Court for the following:

    a.    An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

    b.    All damages allowed by the FLSA, including back overtime wages;

    c.    Liquidated damages in an amount equal to back FLSA wages;

    d.    Legal fees;

    e.    Costs;

    f.    Post-judgment interest; and

    g.    All other relief to which Plaintiff and the Collective Action Members are entitled.

Respectfully submitted,

By:    s/Allen R. Vaught
Allen R. Vaught
Texas Bar No. 24004966
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFF